## Shoenberger *against* Adams.

A discharge under the insolvent laws does not take from the debtor the protection which is afforded by the statute of limitations.

ERROR to the district court of *Alleghany* county.

This was an action of debt by David Adams against Peter Shoenberger and Son. There were several questions which arose in the court below, but they were not discussed here. The only point determined was, whether the defendant below could set off a debt which was barred by the statute of limitation, because the plaintiff had been discharged under the insolvent laws? The court (Grier, president) determined that the set-off was barred notwithstanding the discharge.

*Fetterman*, for plaintiff in error.
*Craft*, contra.

PER CURIAM.—Though we by no means concur that the plaintiff's partners, or their creditors in their stead, had not an equity paramount to the equity of the defendants, as the defalcation would have paid the plaintiff's separate debt with the partnership effects, yet we think the statute of limitations, also, presented a decisive objection to it, and on ground more extensive than that assumed by the judge. The point would have been without difficulty, had it been freed from the supposed authority of Feather's case, in which it was intimated that the statute runs not to protect a debtor after being discharged under the insolvent laws. The point was collateral to the decision; and the intimation has since been abandoned during the winter terms at Philadelphia. The debt set off, therefore, was barred and properly disallowed.

Judgment affirmed.